NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 18 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEAN ALAN SMITH,

Defendant - Appellant.

No. 24-2362

D.C. No.
1:22-cr-00140-SPW-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted August 14, 2025[**]
Anchorage, Alaska

Before: GRABER, OWENS, and R. NELSON, Circuit Judges.

Dean Alan Smith appeals from his jury conviction and thirty-year sentence

for one count of aggravated sexual abuse, in violation of 18 U.S.C. §§ 1152,

2241(a)(1); one count of abusive sexual contact by force, in violation of 18 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§§ 1152, 2244(a)(1); and two counts of abusive sexual contact by force and of a child, in violation of 18 U.S.C. §§ 1152, 2244(a)(1), (5). As the parties are familiar with the facts, we do not recount them here. We affirm.

1. Smith argues that, after the jury initially deadlocked, the district court abused its discretion by denying his motion for a mistrial and instead giving what he contends were two *Allen* instructions (on Friday evening and Monday morning).

We "review the district court's denial of a motion for a mistrial for abuse of discretion." *United States v. Banks*, 514 F.3d 959, 973 (9th Cir. 2008). We also review for abuse of discretion a "district court's decision to issue an *Allen* instruction." *United States v. Berger*, 473 F.3d 1080, 1089 (9th Cir. 2007). "An *Allen* instruction 'must be upheld unless it is clear from the record that the charge had an impermissibly coercive effect on the jury.'" *Id.* (citation omitted). "Whether a judge has improperly coerced a jury's verdict is a mixed question of law and fact we review *de novo*." *Id.*

The district court did not abuse its discretion by denying Smith's request for a mistrial after the jury initially deadlocked. *See United States v. Hernandez-Guardado*, 228 F.3d 1017, 1029 (9th Cir. 2000) (setting forth relevant factors). The court noted that the jury had deliberated for only about seven hours in a "complex" case with over three days of testimony, five counts, four alleged victims, and more than forty jury instructions. *See id.* The foreperson's statements

that additional deliberations would not be fruitful did not, standing alone, require the district court to declare a mistrial. *See id.*

In addition, the district court's *Allen* instruction was not impermissibly coercive. "The *Allen* instruction is most often used in cases of 'apparent juror deadlock' to 'admonish jurors to keep trying.'" *Berger*, 473 F.3d at 1089 (citation omitted). "We apply a 'totality of the circumstances' analysis when examining whether a judge's statements to a jury were impermissibly coercive," considering: "(1) the form of the instruction, (2) the time the jury deliberated after receiving the charge in relation to the total time of deliberation and (3) any other indicia of coerciveness." *Id.* at 1090 (citations omitted).

Regarding the form of the instruction, it is undisputed that the district court's model *Allen* instruction on Monday morning was not coercive. *See United States v. Steele*, 298 F.3d 906, 911 (9th Cir. 2002) (holding that there was no coercion where, among other factors, "the district court gave a neutral form of the *Allen* charge based upon the Ninth Circuit Model Criminal Jury Instruction"). Smith argues that the court's comments on Friday evening should also be treated as an *Allen* instruction. Even if the Friday comments are considered, the overall form of the court's instructions was not coercive. And giving two instructions was not reversible error because there was "no suggestion of criticism of intervening

3                                                                    24-2362

behavior by the jury" between the instructions on Friday evening and Monday morning. *United States v. Nickell*, 883 F.2d 824, 829 (9th Cir. 1989).

The timing of the *Allen* instruction also supports that the jury was not coerced. The jury deliberated for five more hours after the *Allen* instruction, out of a total twelve hours of deliberation, which reflects a significant amount of time. *See Berger*, 473 F.3d at 1092 ("[T]his court has found no coercion existed in circumstances where the deliberations lasted some significant amount of time after an *Allen* instruction was given.").

Finally, other circumstances suggest that the jury was not coerced. For example, two hours after the *Allen* instruction, the jury asked a question, indicating that it was deliberating thoroughly.

Thus, under the totality of the circumstances, the district court's *Allen* instruction did not have an impermissibly coercive effect on the jury.

2. Smith also argues that the district court's denial of access to some victim records subpoenaed from third parties, based on the court's *in camera* review, interfered with his ability to cross-examine the alleged victims in violation of his Confrontation Clause rights under the Sixth Amendment.

"If the defendant raises a Confrontation Clause challenge based on the exclusion of an area of inquiry, we review de novo." *United States v. Larson*, 495 F.3d 1094, 1101 (9th Cir. 2007) (en banc). But we review for abuse of discretion

"a trial court's restrictions on the manner or scope of cross-examination on nonconstitutional grounds." *Id.*

"The Confrontation Clause guarantees 'an opportunity for effective cross-examination,' but it does not confer an unlimited right to 'cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" *United States v. Alahmedalabdaloklah*, 94 F.4th 782, 823 (9th Cir. 2024) (emphasis omitted) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)). Further, the Supreme Court has held that, in the context of child sexual abuse, the defendant was entitled to have victims' records reviewed *in camera* by the trial court to determine whether they contained information material to the defense, but was not entitled to fully review the confidential records. *Pennsylvania v. Ritchie*, 480 U.S. 39, 57-61 (1987).

Here, the district court did not abuse its discretion, and Smith's Confrontation Clause rights were not violated. The records would not have helped Smith cross-examine the victims because the court determined that the records were "consistent with the charges in the Indictment" and did "not contain impeachment or exculpatory evidence." Further, Smith had the opportunity to effectively cross-examine the four victims, and no area of inquiry was excluded.

3. Finally, Smith argues that his sentence of thirty years' imprisonment, which was below the U.S. Sentencing Guidelines range, was unreasonable.

Sentences are reviewed for reasonableness, and "only a procedurally erroneous or substantively unreasonable sentence will be set aside." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). Because Smith did not raise procedural error before the district court, we review for plain error. *United States v. Avendano-Soto*, 116 F.4th 1063, 1066 (9th Cir. 2024). We review the substantive reasonableness of a sentence for abuse of discretion. *Id.*

Here, the district court adequately considered and explained its reasons for imposing a below-Guidelines thirty-year sentence and therefore did not commit plain procedural error. *See Carty*, 520 F.3d at 992-93. And, under the totality of the circumstances, the district court did not abuse its discretion in determining that a below-Guidelines thirty-year sentence was substantively reasonable. *See id.* at 993.

**AFFIRMED**.